No. 2--06--0947          Filed: 7-17-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BRUCE NULLE and JEAN NULLE, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 05--LA--177 |
| | ) | |
| MICHAEL KREWER, | ) | |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Michael J. Sullivan, |
| (Leifer Builders, Inc., Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Bruce and Jean Nulle appeal the circuit court's order dismissing their complaint against Leifer Builders, Inc., seeking damages arising from a motor vehicle accident. The Nulles' vehicle collided with that of Michael Krewer, an employee of Leifer Builders, who was running a personal errand on his personal time in a personal vehicle that was displaying advertising for Leifer Builders. The Nulles sought to hold Leifer Builders responsible under a theory of respondeat superior. The circuit court dismissed Leifer Builders from the action and the Nulles appeal. We affirm.

I. BACKGROUND

On September 29, 2003, Michael Krewer was driving a pickup truck that crossed into the lanes of oncoming traffic and collided with the Nulles' vehicle, causing damages. The truck was Krewer's personal vehicle, but he was required to have it as a condition of his employment with Leifer

Builders, and he used it to run errands for work and to travel between jobsites. At the time of the collision, Krewer's truck was displaying magnetic signs for Leifer Builders. However, it is undisputed that Krewer was not traveling for work. The collision occurred outside of his working hours, when he was traveling for personal reasons.

The Nulles filed a complaint against Krewer, seeking recovery for damages they sustained in the collision. They later amended the complaint to add Leifer Builders as a defendant, alleging that Krewer was driving negligently while in the scope of his employment. Leifer Builders denied that Krewer was acting in the scope of his employment and moved to dismiss under section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(9) (West 2004)).

The parties submitted affidavits and deposition testimony to the trial court. The evidence showed that a few months before the collision, Brett Leifer, the sole proprietor of Leifer Builders, gave Krewer two magnetic signs advertising Leifer Builders. The signs were designed to magnetically adhere to a vehicle's sides and included Leifer Builders' name, logo, catch phrase, and telephone number.

Leifer averred that he did not offer additional compensation related to the use of the signs. The purpose of the signs was to allow employees to be identified at jobsites as well as to advertise. But according to Leifer, employees were not required to display the signs on their vehicles and there were no adverse consequences if they refused to do so. According to Leifer, employees were instructed to remove the signs during nonworking hours and the failure to do so could result in serious consequences, including termination of employment. Leifer averred that he specifically instructed Krewer to remove the signs from his vehicle when Krewer was not working.

Krewer averred that Leifer had instructed him to remove the signs while he was off work, but that he had forgotten to remove them on the day of the collision. He also averred that Leifer did not pay him to display the signs and that he was not required to display them. Krewer believed that the signs were advertisements meant to induce others to call Leifer Builders.

At his deposition, Krewer testified that he usually left the signs on his vehicle, except when he took them off to wash the truck. He stated that other employees also left the signs on their vehicles. He also stated, however, that Leifer told him there was no reason to leave them on when he was not working and that Leifer specifically instructed him to take them off when he was at bars. Krewer said that he could have refused the signs, and, when asked whether he derived any benefit from having the signs on his truck, he stated:

> "Only thing I could think was put them on there, advertisement for him. We would get more jobs, possibly get a bonus or raise because we would be turning jobs fast because we had advertisements, whatever; people see the sign, call this guy for estimate or whatever is what I thought."

Krewer testified that he was never told he would get bonuses for bringing in work and that he never received any such bonuses.

The trial court granted the motion to dismiss and the Nulles moved for reconsideration. The court allowed the Nulles to supplement their motion and they filed affidavits from Jess Jensen and Greg Calhoun, who were past employees of Leifer Builders. Jensen averred that between 2000 and 2005, he had signs attached to his truck advertising Leifer Builders and that Leifer never instructed him to remove the signs. Calhoun averred that between 2000 and 2004, he displayed signs for Leifer

Builders on his truck and that Leifer wanted him to keep the signs on the truck as much as possible during both working and nonworking hours, except when he was at bars or taverns.

The trial court denied the motion to reconsider. Applying Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), the court found that there was no just reason to delay enforcement or appeal. The Nulles appeal.

## II. ANALYSIS

The Nulles contend that, because there was advertising on the truck, and because Leifer told other employees to keep signs on their vehicles during nonworking hours, there was an issue of material fact whether Krewer was acting in the scope of his employment at the time of the collision. Leifer Builders argues that the presence of the signs on the truck was insufficient as a matter of law to make it vicariously liable for Krewer's negligence, because he was driving his personal vehicle for personal reasons.

"In ruling on a section 2--619 motion to dismiss, a court may consider pleadings, depositions, and affidavits." Gilley v. Kiddel, 372 Ill. App. 3d 271, 274 (2007). The question on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent an issue of material fact, whether dismissal is proper as a matter of law. See Gilley, 372 Ill. App. 3d at 274. We review the matter de novo. Gilley, 372 Ill. App. 3d at 274.

Generally, a person injured by the negligence of another must seek his or her remedy from the person who caused the injury. Bagent v. Blessing Care Corp., 224 Ill. 2d 154, 163 (2007). "Under the theory of respondeat superior, an employer can be liable for the torts of an employee, but only for those torts that are committed within the scope of the employment." Bagent, 224 Ill. 2d at 163.

The plaintiff has the burden of showing a contemporaneous relationship between the tortious act and the scope of employment. See Bagent, 224 Ill. 2d at 165.

The Illinois Supreme Court has adopted the formula set out in the Second Restatement of Agency[1] to determine whether an employee's acts are within the scope of employment.

"(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master ***[.]

***

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Restatement (Second) of Agency §228 at 504 (1958).

See Bagent, 224 Ill. 2d at 164. Despite the Nulles' statement to the contrary, "all three criteria of section 228 *** must be met to conclude that an employee was acting within the scope of employment." Bagent, 224 Ill. 2d at 165. A court must consider all of the surrounding circumstances and each case must depend on its own facts. Bagent, 224 Ill. 2d at 165. " 'Only if no reasonable person could conclude from the evidence that an employee was acting within the course of employment should a court hold as a matter of law that the employee was not so acting.' " Bagent, 224 Ill. 2d at 165-66, quoting Pyne v. Witmer, 129 Ill. 2d 351, 359 (1989).

---

[1]The Third Restatement of Agency states the test in more general terms, but with essentially the same meaning. See Restatement (Third) of Agency §7.07, Comment b, at 199 (2006).

Although the parties contest the satisfaction of the first criterion, we are willing to assume that there is a material factual issue whether Krewer's act of driving his truck while displaying the signs was the kind of conduct he was employed to perform. However, at the time of the collision, Krewer was driving his truck on a personal mission during his nonworking hours. Thus, we hold that the Nulles have provided no evidence to show an issue of material fact whether Krewer was acting within the time and space limits of his employment.

In Giannoble v. P & M Heating & Air Conditioning, Inc., 233 Ill. App. 3d 1051, 1058 (1992), the First District held that an employee was not acting in the scope of his employment when he drove a company-provided van during nonworking hours to perform gratuitous repairs for a family member and was then involved in a motor vehicle accident on the way home. The court held that the employee was performing the kind of conduct he was employed to perform, but that the conduct was not substantially within authorized time and space limits. Giannoble, 233 Ill. App. 3d at 1062.

Foreign authorities are more directly on point. In Hale v. Spitzer Dodge, Inc., No. 04AP--1379 (Ohio App. June 29, 2006),[2] the Ohio Court of Appeals addressed the time and space limits of the scope of employment in the context of an employee's act of driving a vehicle that displayed advertising for the employer. There, the employee was a salesperson for a car dealership and drove a demonstrator vehicle that displayed advertising for the dealership. The employee also admitted that he was constantly prospecting for clients, even when he was away from work. But because the

---

[2]Although this opinion is unpublished, we are free to deem it persuasive. See Osman v. Ford Motor Co., 359 Ill. App. 3d 367, 374 (2005) ("[t]he fact [that] one court has used certain reasoning in an unpublished opinion does not bar courts in this state from using the same reasoning in their decisions").

employee was involved in a collision while on a purely personal mission, the court held that he was not acting substantially within the time and space limits of his employment. The court determined that the "incidental benefit" that the employer derived from the advertising was insufficient to subject it to liability. Hale, slip op. at __. Further, the fact that the employee was constantly prospecting was likewise insufficient, as an argument to the contrary " 'asks too much, for it would hold the dealer responsible at all times.' " Hale, slip op. at __, quoting State ex rel. City Motor Co. v. District Court, 166 Mont. 52, 58, 530 P.2d 486, 489 (1975).

Similarly, in Atlanta Blue Print & Photo Reproduction Co. v. Kemp, 204 S.E.2d 515, 516 (Ga. App. 1974), the Georgia Court of Appeals held that the mere fact that an employer's advertising was printed on the exterior of a truck did not create an issue of material fact when the employee was on a personal mission, taking his family to a football game. The court determined that the fact that the truck had the employer's name on it, "thereby possibly conferring some incidental benefit to the employer by way of advertisement, does not make the use within the employee's scope of employment." Kemp, 204 S.E.2d at 516; see also Sharp v. Egler, 658 F.2d 480, 486-87 (7th Cir. 1981) (dealer sticker on company car did not provide enough benefit to employer to place employee driving the car for a personal use in the scope of employment at the time of an accident).

The Nulles point to the affidavits suggesting that Leifer instructed his employees to display the signs on their vehicles even during their nonworking hours. We first observe that, although these affidavits might suggest that Leifer instructed other employees to display the signs during those hours, they do not contradict the evidence that Leifer did not so instruct Krewer. In any event, such an instruction would not subject Leifer Builders to liability here. In City Motor Co., the employer provided the employee with a demonstrator vehicle on the condition that, although the employee

could use it for personal business, the vehicle was " 'to be used as a demonstrator.' " City Motor Co., 166 Mont. at 56, 530 P.2d at 488. Nevertheless, the fact that the employee was demonstrating the vehicle while conducting his personal business was insufficient to put that personal business within the scope of his employment. Similarly, even if Leifer had instructed Krewer to advertise for Leifer Builders while using the truck for his personal business, he nevertheless conducted that business outside the scope of his employment.

## III. CONCLUSION

In sum, it is undisputed that Krewer was not on duty when the collision occurred. Instead, he was on a purely personal mission unrelated to his employment. Thus, although Leifer Builders may have derived some incidental benefit from the advertising, Krewer's act was not within the time and space limits of his employment. Because all three prongs of the Restatement formula are required, the Nulles have failed to show that Leifer Builders is subject to liability as a matter of law.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

BYRNE and ZENOFF, JJ., concur.