2014 IL App (2d) 130593
No. 2-13-0593
Opinion filed May 2, 2014

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| G.M. SIGN, INC., Individually and as the Representative of a Certified Class, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff and Counterdefendant-Appellee and Cross-Appellant, | ) ) ) | |
| v. | ) ) | No. 11-MR-315 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | |
| Defendant and Counterplaintiff-Appellant and Cross-Appellee. | ) ) ) | Honorable Diane E. Winter and David M. Hall, Judges, Presiding |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1 This is a blast-fax case that presents an insurance-coverage issue. The question is whether defendant State Farm Fire and Casualty Company's policy exclusion (hereinafter Endorsement FE-6655) applied to the amended complaint in the underlying action. If Endorsement FE-6655 applied, then defendant's duty to defend was never triggered. The circuit court of Lake County ruled that defendant had a duty to defend and to indemnify. We reverse.

¶ 2 BACKGROUND

¶ 3 Proceedings in No. 10-CH-4480

¶ 4    The facts pertinent to this appeal are taken from the present record and from this court's opinion in *G.M. Sign, Inc. v. Schane*, 2013 IL App (2d) 120434.[1]  On August 12, 2010, plaintiff, G.M. Sign, Inc., individually and as the representative of a certified class, filed suit against Michael Schane and his company, Academy Engraving Company (Academy).  Academy was later dismissed from the suit.  *Schane*, 2013 IL App (2d) 120434, ¶ 4.  Paragraph 1 of the complaint stated: "This case challenges [Schane's] practice of faxing unsolicited advertisements."  Paragraph 2 of the complaint stated that the federal Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 *et seq.* (2000)) provided plaintiff with a private right of action and statutory damages for its violation.  The complaint contained three counts. Count I alleged a violation of the TCPA;[2] count II incorporated the allegations of count I and alleged a cause of action for conversion; and count III, which also incorporated the allegations of count I, alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 *et seq.* (West 2010)).  Each count was founded on the same factual

---

[1] The instant appeal is the second arising out of plaintiff's class-action suit against Michael Schane.  The issue in the *Schane* appeal was whether State Farm was diligent in bringing its petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)), to vacate the class-action judgment in the underlying suit.  This court held that State Farm was diligent, and we remanded the cause for the circuit court to conduct an evidentiary hearing on the section 2-1401 petition.  *Schane*, 2013 IL App (2d) 120434, ¶¶ 45, 48.

[2] The TCPA makes it unlawful to fax an unsolicited advertisement unless the sender has an established business relationship with the recipient; the recipient consents to such a communication; and the unsolicited advertisement contains a statutorily required opt-out notice. 47 U.S.C. § 227(b)(1)(C) (2000).

allegations—that Schane sent mass, unsolicited facsimile advertisements to plaintiff and at least 39 other recipients on September 6, 2007, without permission. *Schane*, 2013 IL App (2d) 120434, ¶ 4.

¶ 5    Schane tendered the suit to defendant, his business insurer. On September 10, 2010, defendant, by letters to Schane and to plaintiff's attorney, denied coverage based on Endorsement FE-6655:

"**DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES EXCLUSION ENDORSEMENT**

The following exclusion is added to **BUSINESS LIABILITY EXCLUSIONS:**

**Exclusions:**

This insurance does not apply to:

**Bodily injury, property damage, personal injury,** or **advertising injury** *arising directly or indirectly out of* any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information." (Emphasis added.)

Schane thereafter filed an answer to the complaint.

¶ 6    On October 1, 2010, Schane entered into a settlement agreement with plaintiff whereby Schane agreed to have judgment entered against him in the amount of $4.9 million. The agreement settled "all disputes between [Schane] and the class." The agreement also provided that plaintiff and the class would not execute on the judgment against Schane personally but would satisfy the judgment from insurance proceeds held by defendant. When Schane entered into the settlement agreement, he was represented by counsel. On October 7, 2010, the trial court entered an order certifying the settlement class and preliminarily approving the settlement agreement. The court set a fairness hearing for final approval of the settlement on December 16, 2010.

¶ 7    On November 12, 2010, plaintiff sought leave to file its amended complaint, the purpose of which was to " 'plead into possible insurance coverage available under Schane's insurance policies.' " *Schane*, 2013 IL App (2d) 120434, ¶ 7. Plaintiff's motion was granted and the amended complaint was filed on November 18, 2010. It asserted largely the same preliminary allegations as the original complaint. *Schane*, 2013 IL App (2d) 120434, ¶ 8. Count I, the TCPA count, remained the same, but the conversion and consumer fraud counts were changed to selectively incorporate only those allegations that made no express reference to the TCPA; however, the amended complaint was based on the same faxes allegedly sent by Schane on September 6, 2007. *Schane*, 2013 IL App (2d) 120434, ¶ 8.

¶ 8    Schane's attorney testified at his deposition that he tendered the amended complaint to defendant on December 10, 2010, but that he did not at that time inform defendant that the case had been settled. At oral argument in the *Schane* case, plaintiff conceded that the tender of the amended complaint to defendant did not include the settlement agreement, even though the settlement had been preliminarily approved. *Schane*, 2013 IL App (2d) 120434, ¶ 17 n.1. When

asked at his deposition why he tendered an amended complaint to defendant in a case that was settled, Schane's attorney said that he did not know why he did it. He recalled that he did it upon plaintiff's attorney's representation that he should do it. Defendant again denied coverage. On December 16, 2010, the trial court entered an order of final approval of the settlement agreement.

¶ 9                                    Proceedings in No. 11-MR-315

¶ 10    On February 24, 2011, plaintiff filed a declaratory judgment action against defendant. Plaintiff claimed coverage under Schane's insurance policy and argued that defendant was estopped from asserting policy defenses where defendant did not defend Schane under a reservation of rights or file a declaratory judgment suit seeking a declaration that no coverage was afforded. Plaintiff's basis for bringing the declaratory judgment complaint was that defendant owed Schane a duty to defend him and to indemnify any judgment entered on the amended complaint filed on November 18, 2010, in No. 10-CH-4480. Defendant filed an answer, an amended affirmative defense claiming that the settlement was not reasonable, and an amended counterclaim seeking a declaratory judgment in its favor based on Endorsement FE-6655 as well as a declaration of no coverage under other policy provisions. Defendant moved for judgment on the pleadings, asserting that it had no duty to indemnify the stipulated judgment, based on Endorsement FE-6655. Plaintiff filed a cross-motion for judgment on the pleadings, contending, *inter alia*, that the amended complaint in No. 10-CH-4480—particularly the conversion and consumer fraud counts—pleaded claims that were potentially within coverage. The trial court denied defendant's motion and granted plaintiff's motion in part, finding that defendant owed both a duty to defend and a duty to indemnify under the policy. On May 3, 2012, defendant filed a second amended counterclaim.

¶ 11     Defendant then filed a motion for summary judgment regarding the extent of its duty to indemnify.  Plaintiff filed a cross-motion for summary judgment, asserting that defendant was liable to indemnify the entire judgment because it was estopped from raising policy defenses.  On February 27, 2013, the trial court ruled in a written order.  It found that the judgment was entered against Schane after defendant denied coverage but before the filing of the declaratory judgment action.  It further found that Judge David Hall had ruled on November 29, 2011,[3] that defendant had a duty to defend Schane and breached that duty.  The court ruled that, "[a]ccordingly, [defendant] is estopped from raising arguments that stem from policy-based defenses to coverage."  However, the court ruled that "estoppel in this context does not preclude determination of the extent of coverage and the reasonableness of the settlement agreement that was reached."  The court then held: (1) TCPA damages are insurable; (2) the policy's products completed operations hazard (PCOH) coverage did not cover damages caused by fax advertisements; (3) the damages were the result of a single occurrence; (4) Terrance J. Brady's report regarding the reasonableness of the settlement was within his area of expertise; and (5) the settlement was reasonable.  Both parties filed motions to reconsider, which the court denied on May 15, 2013.  In the May 15, 2013, order, the court also granted defendant's motion to post an insurance policy to stay the judgment and denied plaintiff's motion for inclusion of postjudgment interest.  Defendant filed its notice of appeal on June 4, 2013.  With leave of court, plaintiff filed a notice of cross-appeal on July 23, 2013.

¶ 12                                     ANALYSIS

---

[3] Judge Hall's order was file-stamped November 30, 2011, which corresponds to the date of the report of proceedings of the hearing on the cross-motions for judgment on the pleadings.

¶ 13    Defendant contends that the trial court erred in finding that it had a duty to defend Schane against the underlying amended complaint, because (1) Endorsement FE-6655 applied to the counts alleging conversion and consumer fraud (the alternative counts); (2) the alternative counts failed to allege property damage caused by an occurrence as those terms are defined in the policy; (3) defendant's duty to defend, if any, arose after the case was settled and Schane's liability was extinguished; and (4) the settlement was unreasonable.  In its cross-appeal, plaintiff contends that (1) the trial court erred in limiting the judgment against defendant to a single occurrence; and (2) the court erred in ruling that defendant need not indemnify postjudgment interest that was actually awarded.

¶ 14    As to defendant's appeal, we find defendant's first argument—that it owed no duty to defend against the amended complaint, because Endorsement FE-6655 applied to the alternative counts of the amended complaint—dispositive.[4]  In construing an insurance policy, courts must ascertain the intent of the parties to the contract.  *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992).  Courts construe the policy as a whole with due regard for the risk undertaken, the subject matter that is insured, and the purpose of the entire policy.  *Outboard Marine*, 154 Ill. 2d at 108.  If the words used in the policy are unambiguous, courts afford them their plain, ordinary, and popular meaning.  *Outboard Marine*, 154 Ill. 2d at 108.

---

[4] Plaintiff seems to inject the allegations of the original complaint into issue.  However, plaintiff's suit for declaratory judgment pleaded that defendant breached its duty to defend against the amended complaint.  Moreover, an amendment that is complete in itself, which does not refer to or adopt a prior pleading, supersedes it, and the original pleading ceases to be part of the record, having been in effect abandoned or withdrawn.  *Redelmann v. Claire-Sprayway, Inc.*, 375 Ill. App. 3d 912, 926 (2007).

¶ 15   Here, the parties filed cross-motions for summary judgment.   Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Pekin Insurance Co. v. Precision Dose, Inc.*, 2012 IL App (2d) 110195, ¶ 28.   When parties file cross-motions for summary judgment, they agree that only a question of law is involved, and they invite the court to decide the issues based on the record.  *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769 (1993). We review summary judgment rulings *de novo*.  *Outboard Marine*, 154 Ill. 2d at 102.

¶ 16   In order to determine whether the underlying complaint alleges facts that potentially fall within coverage, courts look to the allegations in the complaint and compare them to the relevant provisions of the policy.  *Outboard Marine*, 154 Ill. 2d at 107-08.   Refusal to defend is unjustifiable unless it is clear from the face of the underlying complaint that the facts alleged do not potentially fall within the policy's coverage.  *Outboard Marine*, 154 Ill. 2d at 108.   In determining whether there is a duty to defend, the allegations in the underlying complaint must be construed liberally, and any doubts must be resolved in favor of coverage.  *Scudder v. Hanover Insurance Co.*, 201 Ill. App. 3d 921, 925 (1990).  An insurer cannot refuse to defend its insured once the duty is triggered.  *Home Insurance Co. v. United States Fidelity & Guaranty Co.*, 324 Ill. App. 3d 981, 995 (2001).  Rather, the insurer must either defend under a reservation of rights or seek a declaratory judgment that there is no coverage.  *Home*, 324 Ill. App. 3d at 995-96.   If the insurer fails to take either of these steps and is later determined to have wrongfully denied coverage, the insurer will be estopped from raising policy defenses to coverage. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150-51

(1999). However, the estoppel doctrine applies only if the insurer has *wrongfully* denied coverage. *Ehlco*, 186 Ill. 2d at 150.

¶ 17 Plaintiff urges that Endorsement FE-6655 is specific to TCPA claims and that the alternative counts of the amended complaint are cognizable independently of the TCPA claim. Plaintiff, therefore, concludes that defendant's duty to defend was triggered. Plaintiff's bases for its argument are that causes of action for conversion and consumer fraud have different elements and seek different damages than a TCPA cause of action. While that is true, it is not the pertinent analysis.

¶ 18 An insurer has the duty to defend unless the allegations of the underlying complaint show that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show that the loss falls outside of the insurance policy's coverage. *American Economy Insurance Co. v. DePaul University*, 383 Ill. App. 3d 172, 177-78 (2008). Insurance policies are liberally construed in favor of coverage, and provisions that limit or exclude coverage are also construed liberally in favor of the insured and against the insurer. *American Economy*, 383 Ill. App. 3d at 178.

¶ 19 Here, Endorsement FE-6655 excludes coverage for property damage or advertising injury "arising directly or indirectly" out of any action or omission that violates or is alleged to violate the TCPA or any other statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information. The phrase "arising out of" is both broad and vague, requiring us to liberally construe it in favor of the insured. *Maryland Casualty Co. v. Chicago & North Western Transportation Co.*, 126 Ill. App. 3d 150, 154 (1984). "Arising out of" means "originating from," "having its origin in," "growing out of," and "flowing from." (Internal quotation marks omitted.) *Maryland Casualty*, 126 Ill. App. 3d at 154.

¶ 20    We reject plaintiff's elements analysis because the proper analysis of the "arising out of" language in Endorsement FE-6655 is a "but for" analysis. *Maryland Casualty*, 126 Ill. App. 3d at 154 ("but for" causation, not proximate causation, satisfies the "arising out of" language). The operation of the "but for" analysis is illustrated in *American Economy*. In *American Economy*, the plaintiff in the underlying suit sued the defendants, including DePaul University, for personal injuries that she alleged were caused by their negligent installation of fluorescent lights in the construction of a building where she worked. *American Economy*, 383 Ill. App. 3d at 173. DePaul was an additional insured on a policy issued by American Economy to the electrical subcontractor. *American Economy*, 383 Ill. App. 3d at 182. The additional insured endorsement provided coverage for DePaul's liability "arising out of" the electrical subcontractor's work for DePaul. *American Economy*, 383 Ill. App. 3d at 182. In determining that American Economy owed DePaul coverage, the appellate court looked to the underlying complaint, which alleged that the underlying plaintiff was injured because of the selection and installation of fluorescent lighting without ultraviolet diffusers. *American Economy*, 383 Ill. App. 3d at 182. The court held that there was potential for DePaul's liability because, "but for" the electrical subcontractor's installation of the fluorescent lights without diffusers, the underlying plaintiff would not have suffered injury. *American Economy*, 383 Ill. App. 3d at 182. Thus, rather than comparing the elements of the various causes of action alleged in the amended complaint, we look at whether, but for Schane's alleged act of sending the faxes, plaintiff would have suffered injury.

¶ 21    With these principles in mind, we see two things. First, plaintiff would not be able to prove Schane liable on the alternative counts without also proving that Schane committed a violation of the TCPA. Plaintiff argues that the alternative counts were premised on different

facts than the TCPA count, because neither conversion nor consumer fraud requires that the unwanted fax be an advertisement. Similarly, plaintiff argues, neither conversion nor consumer fraud depends upon whether the parties had an established business relationship. However, this is just another way of comparing the elements of the causes of action. The amended complaint factually alleged, common to all counts, that the faxes at issue were those transmitted on or about September 6, 2007. Neither of the alternative counts pleaded any facts relating to advertisements or established business relationships. See *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 499 (1996) (Illinois requires fact pleading). Thus, the alternative counts were based on the same act that formed the basis for the TCPA count. See *Schane*, 2013 IL App (2d) 120434, ¶ 8. Second, but for the sending of the faxes,[5] plaintiff would have suffered no injury, because the only act or omission alleged is sending the faxes.

¶ 22 There is no Illinois appellate authority construing Endorsement FE-6655. Plaintiff string-cites a number of circuit court orders. *Stare decisis* requires courts to follow decisions of higher courts but does not require courts to follow decisions of equal or inferior courts. *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). The only other case that plaintiff cites is *Nationwide Mutual Insurance Co. v. Harris Medical Associates, LLC*, No. 4:13-CV-7CAAS, 2013 WL 5341498 (E.D. Mo. Sept. 23, 2013). There, the district court had before it a policy exclusion similar to the one in our case. However, *Nationwide* is inapplicable, because (1) the district court was bound to apply either Georgia or Missouri law; (2) the court specifically rejected Illinois law; and (3) the parties had not furnished the court with facts

---

[5] Plaintiff makes the specious argument that the conversion and consumer fraud damages arose from the receipt of the faxes, not the sending of the faxes. Obviously, one cannot receive a fax unless that fax was sent.

relevant to a choice-of-law analysis. *Nationwide*, 2013 WL 5341498, at *8. Under those circumstances, the district court concluded that, "[f]or now," "plaintiffs have not established that there is no potential for coverage for the underlying conversion claim based on the Violation of Statutes exclusion." *Nationwide*, 2013 WL 5341498, at *8. The district court engaged in no reasoning or analysis. *Nationwide*, 2013 WL 5341498, at *8.

¶ 23    Defendant relies on an unpublished decision of the Michigan Court of Appeals. In *G.M. Sign, Inc. v. Auto-Owners Insurance Co.*, No. 301742, 2012 WL 4840592 (Mich. Ct. App. Oct. 11, 2012), the court construed the language of an exclusion that was similar to that before this court. The Michigan court applied Illinois law—specifically, *Maryland Casualty*—and concluded that the plaintiff's alternative counts, which alleged common law conversion and a violation of the Illinois Act, arose from the same acts as the alleged violation of the TCPA. *G.M. Sign*, 2012 WL 4840592, at *4 ("The faxing of the ads constitutes the 'acts' that allegedly violated the TCPA."). The court in *G.M. Sign*, relying on *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352, 364-65 (2006), where our supreme court said that "[t]he essence of a TCPA fax-ad claim is that one party sends another an unsolicited fax advertisement," found that the underlying defendant's act of faxing unsolicited advertisements to unwilling recipients was identical to the acts or omissions at the heart of the conversion and consumer fraud claims. *G.M. Sign*, 2012 WL 4840592, at *4. We find *G.M. Sign*'s reasoning persuasive. See *Nulle v. Krewer*, 374 Ill. App. 3d 802, 806 n.2 (2007) (this court is free to use the reasoning in an unpublished opinion from another state). We hold that the alternative counts of plaintiff's amended complaint arose from the same conduct that underlay plaintiff's TCPA claim. Accordingly, Endorsement FE-6655 applied, and defendant had no duty to defend or to indemnify Schane in the underlying suit. It follows that defendant is not estopped from raising

policy defenses, because its denial of coverage was not wrongful. See *Ehlco*, 186 Ill. 2d at 150 (the estoppel doctrine applies only if the insurer wrongfully denied coverage). Because we determine that defendant had no duty to indemnify, we have no occasion to consider plaintiff's cross-appeal concerning the scope of indemnification.

¶ 24                                        CONCLUSION

¶ 25    For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand with directions to enter judgment in favor of defendant and against plaintiff on plaintiff's declaratory judgment complaint and to enter judgment in favor of defendant and against plaintiff on defendant's second amended counterclaim for declaratory judgment.

¶ 26    Reversed and remanded.