In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-1983

MESA LABORATORIES, INC.,

*Plaintiff-Appellant*,

*v.*

FEDERAL INSURANCE COMPANY,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-2340 — **John Z. Lee**, *Judge*.

ARGUED NOVEMBER 10, 2020 — DECIDED APRIL 20, 2021

Before EASTERBROOK, KANNE, and SCUDDER, *Circuit Judges*.

KANNE, *Circuit Judge*. Mesa Laboratories, Inc., was sued for sending unsolicited fax advertisements, but when it sought a defense from its insurer, its claim was denied. In support of the denial, the insurer cited an exclusion in the policy barring coverage for any claims "arising out of" the Telephone Consumer Protection Act ("TCPA") of 1991.

The question in this case is straightforward: When an insurance policy provides that the insurer has no duty to defend its insured against any claim "arising out of" the TCPA, does that exclusion extend to common-law claims arising from the TCPA-violating conduct?

The district court said yes, and we agree. We therefore affirm the district court's decision granting judgment on the pleadings in favor of the insurer.

## I. BACKGROUND

Mesa Laboratories, Inc., a Colorado corporation, sent faxes promoting its dental-industry-related services. But some (if not all) of the recipients had not consented to receive such faxes, and the faxed materials did not include an opt-out notice as required by the TCPA. 47 U.S.C. § 227(b)(1)(C).

In 2018, James L. Orrington, II, a Chicago-area dentist, filed a class-action lawsuit against Mesa in federal court for sending unsolicited fax advertisements in violation of the TCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. He also alleged that Mesa's conduct constituted common-law conversion, nuisance, and trespass to chattels for Mesa's appropriation of the recipients' fax equipment, paper, ink, and toner. *Orrington v. Mesa Lab'ys, Inc.*, No. 18-cv-841 (N.D. Ill.).

During the litigation, Mesa notified its insurer, Federal Insurance Company, of the *Orrington* action and asked Federal to defend it. Federal declined to provide a defense because it contended that the suit fell outside of the policy's coverage.

After Mesa and Orrington reached a settlement agreement, Mesa filed this suit against Federal, alleging breach of contract, bad faith, and improper delay and denial of claims

under Colorado Revised Statute sections 10-3-1115 and 10-3-1116. Federal moved for judgment on the pleadings.

In January 2020, the district court granted Federal's motion. It concluded that two of the policy's exclusions applied to bar Mesa's claim. As explained below, we need only consider one of the exclusions to decide this case—the "Information Laws Exclusion." It provides that the policy "does not apply to any damages, loss, cost or expense arising out of any actual or alleged or threatened violation of … the United States of America Telephone Consumer Protection Act (TCPA) of 1991 … or any similar regulatory or statutory law in any other jurisdiction." The district court concluded that this exclusion barred all of the claims because the common-law claims arose out of the same conduct underlying the statutory claims.

Mesa filed a motion to vacate the judgment and for leave to file an amended complaint, which the court denied. Mesa now appeals.

## II. ANALYSIS

As stated in *Landmark American Insurance Co. v. Hilger*, we review a district court's grant of a motion for judgment on the pleadings *de novo*, applying the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. 838 F.3d 821, 824 (7th Cir. 2016). "Thus, we view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion 'only if it appears beyond doubt that [Mesa] cannot prove any facts that would support [its] claim for relief.'" *Id.* (quoting *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

"A federal court exercising its diversity jurisdiction over state-law claims applies the choice-of-law rules of the state in which it sits." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Here, the district court sits in Illinois.

Before the court is required to make a choice-of-law determination, the moving party must establish that "there is a conflict between Illinois law and the law of another state such that 'a difference in law will make a difference in the outcome.'" *West Side Salvage, Inc. v. RSUI Indemnity Co.*, 878 F.3d 219, 223 (7th Cir. 2017) (quoting *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007)). "If the party fails to establish the existence of such a conflict, the court applies the law of the forum state." *Id.* (citing *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 901, 905 (Ill. 2014)).

Although the parties dispute whether Colorado or Illinois law applies, Mesa points to no true conflict between the laws of those states regarding the interpretation of the Information Laws Exclusion. Indeed, Mesa acknowledged in its opening brief that there is no Colorado case law on point. Therefore, we, like the district court sitting in Illinois, look to Illinois law.

In Illinois, "[a]n insurer has a duty to defend its insured 'unless it is clear from the face of the underlying complaint that the facts alleged do not potentially fall within the policy's coverage.'" *Zurich Am. Ins. Co. v. Ocwen Fin. Corp.*, 990 F.3d 1073, 1078 (7th Cir. 2021) (quoting *G.M. Sign, Inc. v. State Farm Fire & Cas. Co.*, 18 N.E.3d 70, 77 (Ill. App. Ct. 2014)). One way for an insured's claim to fall outside of a policy's coverage is for it to fall *within* an exclusion. *See id.* But if even one claim is covered, then the insurer has a duty to defend the entire suit. *Health Care Indus. Liab. Ins. Program v. Momence Meadows*

*Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). Moreover, "a decision to excuse an insurer's duty to defend based on an exclusionary clause in the contract 'must be clear and free from doubt.'" *Zurich*, 990 F.3d at 1078 (quoting *Evergreen Real Est. Servs., LLC v. Hanover Ins. Co.*, 142 N.E.3d 880, 887 (Ill. App. Ct. 2019)).

To make this determination, we compare the factual allegations in the underlying complaint to the relevant policy provisions. *Health Care*, 566 F.3d at 694 (citing *Outboard Marine Corp. v. Liberty Mut. Ins.*, 607 N.E.2d 1204, 1212 (Ill. 1992)).

The Information Laws Exclusion provides that the policy "does not apply to any damages, loss, cost or expense arising out of any actual or alleged or threatened violation of … the United States of America Telephone Consumer Protection Act (TCPA) of 1991 … or any similar regulatory or statutory law in any other jurisdiction."

Orrington's complaint asserted claims against Mesa under the TCPA, the ICFA, and common law. And the alleged conduct underlying each claim was the same: Mesa sent unsolicited fax advertisements to Orrington's office. The parties agree that the exclusion covers Orrington's statutory claims, but they diverge on its application to the common-law claims.

The answer is now clear under our recent decision in *Zurich*—the "arising out of" language subjects the common-law claims to the exclusion, as well. *Zurich*, 990 F.3d at 1078–79.

In *Zurich*, we considered a similar policy exclusion for property damage "resulting from or arising out of any actual or alleged violation of … the [TCPA]." *Id.* at 1076. We concluded that "[t]he 'arising out of' language excludes the underlying *conduct* that forms the basis of the violation of an

enumerated law, even if liability for that underlying conduct might exist under a legal theory that is not expressly mentioned in the policy exclusion (*e.g.*, common-law invasion of privacy)." *Id.* 1079.

The same is true here. The common-law claims of conversion, nuisance, and trespass to chattels arise out of the same underlying conduct as the statutory claims—the sending of unsolicited faxes. As we explained in *Zurich*, "the 'arising out of' phrase presents a 'but-for' inquiry: if the plaintiff would not have been injured but for the conduct that violated an enumerated law, then the exclusion applies to *all* claims flowing from that underlying conduct regardless of the legal theory used." *Id.* (citing *G.M. Sign*, 18 N.E.3d at 78). None of Orrington's injuries would have occurred but for Mesa's sending unsolicited fax advertisements, so the Information Laws Exclusion applies to all of Mesa's claims.

### III. CONCLUSION

We thus AFFIRM.