**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021*
Decided July 22, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-3062

BARRY D. BILDER,
    *Plaintiff-Appellant*,

*v.*

JANICE A. DYKSTRA,
    *Defendant-Appellee*.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 19 C 4999

Charles P. Kocoras,
*Judge*.

**O R D E R**

Reverend Barry Bilder sued his sister, Janice Dykstra, alleging that she forged his signature to wrongfully obtain his inheritance from their father and brother when acting as administrator of their estates. After Dykstra moved for dismissal or summary judgment based on their settlement of a prior related case in state court, Bilder tried to amend his complaint to allege a new claim that the settlement was invalid for fraud because Dykstra had wrongly withheld a document. The district court entered summary judgment for Dykstra, concluding that Bilder had no right to inherit and the

---

*We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

settlement barred his forgery claims. The court did not address Bilder's argument about the withheld document, however, so Bilder moved to vacate the judgment or to amend his complaint. The court reaffirmed the summary-judgment decision and denied the proposed addition of a fraud claim as futile. Bilder now appeals that decision and part of the initial summary-judgment ruling on the ground that the court should have allowed him to demonstrate the invalidity of the settlement. We affirm.

Bilder first sued Dykstra in Oklahoma state court in 2015, seeking to quiet title over real property—a parking lot—that Dykstra had inherited from their father and brother. During that litigation, Bilder discovered two documents from the 2002 probate of his brother's estate (in Cook County, Illinois) on which, he alleges, Dykstra had forged his signature. (One represented that Bilder waived notice to probate hearings and the other that he was satisfied with the distribution of assets.) Bilder, who was represented by counsel, settled the case with Dykstra in February 2019. Bilder received a quit-claim deed to the property and released any claims, known or unknown, "resulting from, arising out of, connected directly or indirectly with or relating in any way" to the Oklahoma litigation, including those arising in the future.

Despite the settlement, Bilder, acting pro se, filed this suit a few months later under the district court's diversity jurisdiction. See 28 U.S.C. § 1332. He alleged that Dykstra had deprived him of his inheritance by forging his signature on the probate documents. As relief, he sought his "rightful inheritance" and punitive damages. Dykstra moved for dismissal or summary judgment on the grounds that Bilder had been disinherited and therefore had no injury and, further, that his lawsuit was both untimely and barred by the settlement agreement. She attached a 1996 letter from their father to Bilder that bequeathed him $10,000, forgave a $50,000 loan, and informed him that he would get no other inheritance. Bilder then filed a "supplemental pleading" with a new claim that the letter was inauthentic or, alternatively, that the settlement of the quiet-title litigation was voidable for fraud because Dysktra withheld it.

The district court entered summary judgment for Dykstra on Bilder's original claim about the two probate documents. It explained that Bilder could not establish that the alleged forgeries injured him because he never had a right to inherit from his father or brother; their assets had passed to trusts of which he was not a beneficiary. (Bilder does not challenge this conclusion on appeal.) Further, the court concluded, Bilder had released his claims as part of the Oklahoma settlement.

Bilder moved to vacate the judgment, arguing that the court should have addressed his argument that the settlement was invalid because Dykstra defrauded him by withholding the supposed letter from their father in the state-court case. Alternatively, he moved for leave to amend his complaint to add a fraud claim and seek damages. The court reaffirmed its prior decision and concluded that the amendment would be futile because a claim that the settlement was procured by fraud (with respect to their father's letter) would also be barred by the settlement's release:

> The 1996 letter directly relates to the Oklahoma Litigation, as it involves interest in the property at issue in that case. The existence of the letter is a new fact that was discovered after entering into the settlement agreement. Bilder acknowledged in the settlement agreement that new facts may arise and that he waives any and all claims related to those new facts.

On appeal, Bilder first contends that the district court erred by not addressing at summary judgment his argument that the settlement was invalid based on Dykstra's hiding of their father's (allegedly inauthentic) letter. But Bilder does not challenge the other, independent reason for the court's decision—that he was not entitled to inherit from his father and brother's estates—so any appellate victory on that ground would not affect the judgment. See *United States v. Blagojevich*, 612 F.3d 558, 560 (7th Cir. 2010).

Bilder also argues that his supplemental pleading alleged a separate claim that the settlement was invalid for fraud, which the district court overlooked before it granted summary judgment. But because the district court treated Dykstra's motion as one for summary judgment (and he responded to it at length), Bilder had no right to amend his complaint without leave of court See FED. R. CIV. P. 15(a)(1)(B). And, although the district court did not address his argument about the 1996 letter in the context of the purported pleading, Bilder later had "ample opportunity" to present those arguments in his post-judgment motion for leave to amend the complaint, and the court addressed them fully. See *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018).

Moreover, Bilder's allegations did not state a fraud claim. Settlement agreements would not be worth much if the parties could later argue that they were voidable for fraud based on standard discovery disputes. And although Bilder asserted that the settlement was invalid based on Dykstra's alleged fraud with respect to their father's letter, his allegations did not supply the detail required by Rule 9(b) of the Federal Rules of Civil Procedure. Bilder alleged only that he would have somehow used his father's letter if Dykstra had produced it in the Oklahoma litigation. Because Bilder did

not say why Dykstra was obliged to produce the letter, how she misrepresented that she had met the obligation, or how her representation (or omission) compelled him to settle, he failed to state a claim that the settlement was invalid for fraud. See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (Rule 9(b) requires a plaintiff to allege the content of a misrepresentation and how it was communicated).

Bilder further argues that the court wrongly concluded that the release made it futile to amend his complaint because he would show that the settlement was invalid. But because neither his supplemental pleading nor his motion to file an amended complaint stated a fraud claim, amendment was indeed futile. Further, Bilder could not pursue a claim to invalidate the settlement because he never returned the consideration he received. See *Fleming v. U.S. Postal Serv. AMF O'Hare*, 27 F.3d 259, 260 (7th Cir. 1994). Under Illinois choice-of-law rules, the validity of the settlement (which we interpret like any other contract) is governed by Oklahoma law because the agreement terminated an Oklahoma case concerning property there. See *Hendricks v. Novae Corp. Underwriting*, 868 F.3d 542, 545 (7th Cir. 2017); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1971). (A federal court exercising diversity jurisdiction applies choice-of-law rules of the state in which it sits. *Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867 (7th Cir. 2021).) To rescind the settlement, Bilder had to tender back the parking lot, or offer to do so. See OKLA. STAT. ANN. tit. 15, § 235; *Harkrider v. Posey*, 24 P.3d 821, 827 n.24 (Okla. 2000); see *also Hampton v. Ford Motor Co.*, 561 F.3d 709, 717 (7th Cir. 2009) (applying similar rule under Illinois law). Bilder never stated in any district court filing that he had returned the property or offered to do so. Indeed, it is apparent from his appellate briefs that he wants to rescind the settlement but keep the property. His attempts to void the agreement therefore must fail. See *Hampton*, 561 F.3d at 717.

AFFIRMED