In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3164

GENERAL INSURANCE COMPANY OF AMERICA,

*Plaintiff-Appellant,*

*v.*

CLARK MALL CORPORATION, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 2787—**Jeffrey N. Cole,** *Magistrate Judge.*

ARGUED APRIL 14, 2011—DECIDED MAY 4, 2011

Before EASTERBROOK, *Chief Judge*, and ROVNER and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* General Insurance Company of America filed this declaratory-judgment action to determine whether it must defend and indemnify its insured, Discount Mega Mall Corporation ("Discount Mall"), and its principals in an Illinois state-court lawsuit. On Discount Mall's motion for judgment on the

pleadings, the district court determined that General Insurance owed a duty to defend under Illinois law. At General Insurance's request, the court entered its duty-to-defend order as a final judgment to facilitate an immediate appeal. *See* FED. R. CIV. P. 54(b); 28 U.S.C. § 1291. But much of the case remains pending, including several counterclaims implicating the insurer's duty to defend. We dismiss for lack of appellate jurisdiction.

## I. Background

On September 8, 2007, a major fire occurred at the Discount Mega Mall in Chicago. Discount Mall was insured under a commercial general liability ("CGL") policy issued by General Insurance, and the mall filed a first-party claim under the policy for the fire damage. A number of tenants sued Discount Mall in Illinois state court alleging that the mall's negligence caused the fire. Discount Mall tendered the defense to General Insurance, which denied the tender and filed this declaratory-judgment action seeking a judicial determination that it has no duty to defend or indemnify under the policy. General Insurance named the following defendants: Clark Mall Corporation d/b/a Discount Mega Mall Corporation; Kyun Hee Park and Jennifer Park, Discount Mall's principals; and the mall's tenants, who were the plaintiffs in the underlying state-court suit.

As relevant here, General Insurance claimed that the losses at issue in the underlying suit fell within an exclusion in the CGL policy for "'property damage' to . . . property in the care, custody, or control of the insured."

The insurer alleged that the fire occurred after the mall had closed for the night and that Discount Mall's employees had locked the building and restricted the tenants' access. Based on these allegations, General Insurance claimed that the underlying suit sought recovery for damage to "property in the care, custody, or control of the insured" and was therefore excluded from coverage under the policy.

Discount Mall and the other defendants answered the declaratory-judgment complaint and asserted five counterclaims. The counterclaims sought the following relief: (1) a declaratory judgment that a defense and indemnity were owed; (2) damages for breach of contract for failure to indemnify; (3) damages for "vexatious and unreasonable" refusal to defend and indemnify under section 155 of the Illinois Insurance Code, 215 ILL. COMP. STAT. 5/155; (4) damages for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/2; and (5) damages for common-law fraud. The parties consented to proceed before a magistrate judge, and the defendants (Discount Mall, the Parks, and their tenants) moved for judgment on the pleadings on the competing claims for declaratory judgment relating to General Insurance's duty to defend. *See* FED. R. CIV. P. 12(c).

The magistrate judge entered a split decision on the motion. To the extent the defendants sought a declaration that General Insurance had a duty to defend Clark Mall Corporation, the court denied the motion because no entity named "Clark Mall" was an insured. But the

court held that General Insurance had a duty to defend Discount Mall. The judge faulted General Insurance for failing to introduce evidence establishing the applicability of the policy's exclusion for damage to "property in the care, custody, or control" of the insured. This failure, the judge held, was fatal to the insurer's claim that it had no duty to defend. Finally, the court held that General Insurance's refusal to defend the underlying suit had not been "vexatious and unreasonable" because there was a bona fide dispute about coverage. Accordingly, the judge declined to enter an award under section 155 of the Illinois Insurance Code, 215 ILL. COMP. STAT. 5/155.

General Insurance objected to the judge's novel requirement that it produce *evidence* at the pleadings stage and asked the court to reconsider. This request was denied. The court shifted course, however, on the section 155 claim. In a separate order denying General Insurance's motion to dismiss the counterclaims, the court explained that its earlier ruling had not conclusively rejected the counterclaim for vexatious and unreasonable refusal to defend. The section 155 claim, in other words, remained pending in its entirety.

General Insurance asked the court to enter its duty-to-defend ruling as a final judgment under Rule 54(b) so that it could take an immediate appeal. The court obliged and entered a judgment purporting to permit this appeal. The judgment, however, is stated more broadly than the court's original order. It states that "[j]udgment on the pleadings is entered against [General Insurance] and in

favor of the Defendants on [General Insurance's] claim . . . that it is not obligated . . . to defend any of the defendants named in" the state-court lawsuit. This sweeping language conflicts with the judge's holding that General Insurance has no duty to defend "Clark Mall" because no such entity is named as an insured. General Insurance appealed. Until oral argument, no one noticed the anomaly in the judgment or questioned its propriety under Rule 54(b).

## II.  Analysis

On the merits this appeal presents the following question of Illinois insurance law: Is an insurer's duty to defend determined solely by reference to the allegations in the underlying complaint, or may the insurer present evidence to establish that the loss alleged in the complaint is not covered under its policy? Decisions from the Illinois Appellate Court hold that although the duty to defend is ordinarily determined by examining the allegations of the underlying complaint, when an insurer seeks a declaratory judgment on the issue of coverage, it may present evidence to demonstrate that its policy does not cover the loss in question. *See, e.g., Am. Econ. Ins. Co. v. Holabird & Root*, 886 N.E.2d 1166, 1175-78 (Ill. App. Ct. 2008); *Fid. & Cas. Co. v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 473-74 (Ill. App. Ct. 1983). In its recent decision in *Pekin Insurance Co. v. Wilson*, 930 N.E.2d 1011, 1019-21 (Ill. 2010), the Illinois Supreme Court cited this line of cases with approval.

The magistrate judge noted these cases but oddly required General Insurance to present evidence on the duty-to-defend question *at the pleadings stage* in response to the defendants' Rule 12(c) motion for judgment on the pleadings. It is not surprising, then, that General Insurance asked the court to enter its order as a final judgment to set up an immediate appeal. Under Rule 12(d) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings must be treated as a motion for summary judgment *if* matters outside the pleadings are submitted. FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). But this does not mean that a party opposing a Rule 12(c) motion for judgment on the pleadings *must* submit evidence in order to avoid entry of judgment against it. And that is precisely what the court required General Insurance to do.

It is true that duty-to-defend questions in insurance-coverage disputes can sometimes be resolved at the pleadings stage on a Rule 12(c) motion for judgment on the pleadings. *See, e.g., Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC*, 562 F.3d 818, 822-24 (7th Cir. 2009). But not always. Illinois insurance law does not alter the normal operation of the Federal Rules of Civil Procedure, although the magistrate judge seemed to think that it does.

Notwithstanding General Insurance's obvious interest in an immediate appeal, however, the predicates for a proper Rule 54(b) final judgment are not present here.

The parties agreed in their jurisdictional statements that appellate jurisdiction is premised on the judge's entry of a Rule 54(b) judgment. Yet the parties cannot consent to this court's jurisdiction; we must satisfy ourselves that appellate jurisdiction is secure. *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1042 (7th Cir. 2010); *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir. 2000) ("[S]imply because the litigants agree that a judicial determination is a final decision (and thus appealable under Section 1291), does not make it so."). Under 28 U.S.C. § 1291, we have jurisdiction over "all final decisions of the district courts of the United States," and orders resolving fewer than all the claims in a case are not "final" for purposes of appeal. *Helcher v. Dearborn Cnty.*, 595 F.3d 710, 717 (7th Cir. 2010). Rule 54(b) provides an exception. It states in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim— . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . .

FED R. CIV. P. 54(b).

A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question

was truly a "final judgment," and (2) that there is no just reason to delay the appeal of the claim that was "finally" decided. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-37 (1956). We review the first determination de novo and the second for abuse of discretion. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980); *Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984). "The court of appeals must . . . scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10.

Here, the dispositive inquiry for jurisdictional purposes is whether the duty-to-defend order—later reduced to a judgment in an effort to pave the way for this appeal—was truly "final." To be final and appealable under Rule 54(b), a judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (quoting *Sears*, 351 U.S. at 436). Determining whether a judgment is properly appealable under Rule 54(b) "involves comparing the issues at stake in the appealed claims and those remaining in the district court." *Marseilles Hydro Power, LLC, v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). Rule 54(b) appeals are generally limited "to 'situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'" *Id.* (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988)).

With these principles in mind, we raised some jurisdictional concerns sua sponte at oral argument. Specifically, we asked the parties whether the magistrate judge needed to address the issue of General Insurance's duty to defend in connection with any of the counterclaims still pending in the district court. If the duty-to-defend issue is implicated in any of the remaining claims, the court's order that General Insurance has a duty to defend Discount Mall is subject to revision and is not truly "final" for purposes of appeal under 28 U.S.C. § 1291 and Rule 54(b). *See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593-95 (7th Cir. 1990). The insurer's lawyer told us that the counterclaims still pending in the district court were premised solely on the duty to indemnify, not the duty to defend.

That is not true. The counterclaims are replete with references to General Insurance's refusal to defend the underlying lawsuit as well as its refusal to indemnify. For example, the counterclaim for "vexatious and unreasonable" conduct under section 155 of the Illinois Insurance Code alleges that General Insurance "has vexatiously and unreasonably refused to defend [Discount Mall] in the Underlying Complaint." Further, the counterclaim for common-law fraud alleges (among other things) that General Insurance promised to provide a defense to property-damage claims but lacked a present intent to do so; this claim seeks recovery of "attorney fees and expenses incurred in defending [Discount Mall] in the Underlying Complaint."

Each of these counterclaims remains pending before the magistrate judge. Their resolution necessarily encom-

passes the merits of the duty-to-defend issue. *See, e.g., Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 200 F.3d 1102, 1110 (7th Cir. 2000) (explaining the requirements of a section 155 claim for "vexatious and unreasonable" denial of insurance coverage); *Cramer v. Ins. Exch. Agency,* 675 N.E.2d 897, 900-03 (Ill. 1996) (same). This, in turn, precludes appellate jurisdiction under Rule 54(b) and 28 U.S.C. § 1291.[1] *Horn,* 898 F.2d at 593-94 (counterclaim seeking damages for bad-faith denial of insurance coverage precludes Rule 54(b) appeal of duty-to-defend ruling). In short, the counterclaims remaining in the district court are substantively intertwined with the duty-to-defend issue on appeal here. *Id.* at 592 ("[W]hen the questions remaining in the district court factually overlap those on appeal, presenting a specter of sequential appellate resolution, the appeal is impermissible."). The district court's decision on that issue may be revisited and revised at any time before entry of judgment on the counterclaims. FED. R. CIV. P. 54(b).

It is true that insurance-coverage disputes are often distinct enough to satisfy the final-judgment rule and permit immediate review under Rule 54(b) and § 1291—as, for example, when coverage and liability issues in the

---

[1] This case is not appealable under 28 U.S.C. § 1292(a)(1). *See Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.,* 970 F.2d 273, 276 (7th Cir. 1992) ("[N]o counterpart to 28 U.S.C. § 1292(a)(1) authorizes an appeal from a nonfinal declaratory judgment.").

same suit are bifurcated. *See Eberts v. Goderstad*, 569 F.3d 757, 760 (7th Cir. 2009). But this coverage dispute is different. General Insurance's request for a declaratory judgment regarding its defense and indemnity obligations spawned multiple counterclaims that are linked to the merits of its duty to defend. The final judgment entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure was entered in error. We DISMISS this appeal for want of appellate jurisdiction.