In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 15-2566

LANDMARK AMERICAN INSURANCE COMPANY,

*Plaintiff-Appellant*,

*v.*

PETER HILGER,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 02552 — **Edmond E. Chang**, *Judge*.

———————————

ARGUED FEBRUARY 10, 2016 — DECIDED SEPTEMBER 22, 2016

———————————

Before BAUER, FLAUM, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Peter Hilger faces two separate lawsuits alleging that he and several codefendants persuaded credit unions in Michigan and Tennessee to fund loans by overstating the value of the life-insurance policies that would serve as collateral. Hilger tendered his defense to Landmark American Insurance Company under a professional liability policy held by one of his codefendants, O'M and Associates LLC ("O'MA"). Although Hilger is not a

named insured under O'MA's policy, the policy defines "covered persons and entities" to include O'MA's independent contractors; Hilger sought coverage as such.

Landmark responded by filing this action for a declaratory judgment that it has no duty to defend Hilger. The insurance company argued that Hilger did not perform the professional services at issue in the Michigan and Tennessee suits as an O'MA independent contractor and is therefore not covered under O'MA's policy. The district court, sitting in diversity and applying Illinois law, disagreed and entered judgment on the pleadings for Hilger. Landmark now appeals, arguing that it is entitled to take discovery and offer evidence regarding the true nature of Hilger's relationship to O'MA.

We agree with Landmark that judgment on the pleadings was inappropriate. Under Illinois law an insurer that seeks a declaration of its duty to defend may offer evidence outside the underlying complaint for purposes of establishing that no duty exists. While the insurer may not use a declaratory-judgment action to litigate liability in the underlying lawsuit, that limitation is inapplicable to this case. Accordingly, we reverse the judgment and remand for further proceedings.

## I. Background

Peter Hilger is the president of Allied Solutions, LLC, a company that provides customized products to financial institutions. In 2013 he was named as one of several codefendants in two separate lawsuits brought by credit unions in Michigan and Tennessee. Hilger's codefendants include Michael O'Malley, who sells life insurance through O'MA,

and Daniel Phillips, who brokers the sale of life-insurance policies to third parties through Berkshire Group, LLC, and Capital Lending Strategies, LLC. The credit unions allege that Hilger, O'Malley, and Phillips persuaded them to fund loans used to pay life-insurance premiums by overstating the value of the policies that would serve as collateral for the loans.

Hilger and his codefendants face a host of claims in these lawsuits. The Michigan complaint alleges fraud, innocent and negligent misrepresentation, breach of contract, and conspiracy against all of the defendants in their individual capacities. It also advances theories of joint-venture liability against Allied, Capital Lending Strategies, and O'Malley; individual liability against Hilger and Phillips for the acts of Allied and Capital Lending Strategies; and respondeat superior liability against Allied and Capital Lending Strategies for the conduct of Hilger and Phillips. The Tennessee complaint alleges negligence, negligent misrepresentation, and unjust enrichment against Hilger, O'Malley, Phillips, and their respective companies. Together, the credit unions claim losses in excess of $1 million.

Both O'MA and Hilger tendered their defense to Landmark under O'MA's Insurance Agents and Brokers Liability Policy. The policy obligates Landmark to pay damages arising out of any negligent act, error, or omission committed in O'MA's rendering of professional services as an insurance agent and broker, including facilitation of insurance-premium finance loans. Section I.E of the policy defines "Covered Persons and Entities" to include "[a]ny present or former principal, partner, officer, director, employee or independent contractor of the Named Insured, but only as

respects professional services rendered on behalf of the Named Insured." O'MA sought coverage as the policy's named insured, while Hilger claimed that the Michigan and Tennessee lawsuits pertained to professional services that he rendered as an O'MA independent contractor. Landmark denied both tenders and filed this action for a declaratory judgment that it has no duty to defend either O'MA or Hilger. O'MA and Hilger counterclaimed, seeking a declaration that Landmark *does* owe them a duty to defend. They then moved for judgment on the pleadings, *see* FED. R. CIV. P. 12(c), which the district court granted. Only the judgment in favor of Hilger is at issue on appeal.

In granting Hilger's motion, the judge observed that the complaints in the underlying lawsuits "paint an ambiguous picture" of Hilger's relationship with O'MA: while certain allegations suggest that Hilger acted at all times as an agent of Allied, other allegations are consistent with the assertion that Hilger acted as an independent contractor for O'MA.[1] In light of the requirement under Illinois law that this type of ambiguity be resolved in favor of the insured, *see, e.g., Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005), the judge concluded that Landmark is required to defend Hilger. On Landmark's motion for reconsideration, *see* FED. R. CIV. P. 54(b), the judge rejected the argument that discovery was required to determine the true nature of Hilger's relationship with O'MA.

---

[1] Specifically, the judge noted that both the Michigan and Tennessee complaints expressly attribute all alleged acts and omissions to Hilger in his capacity as an agent of Allied. On the other side of the equation, the judge cited assertions in both complaints that Hilger either collaborated with or acted through O'MA.

Relying on our decision in *Old Republic Insurance Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998 (1996), the judge held that any consideration of evidence outside the underlying complaints was inappropriate absent a "strong reason to believe" that Hilger was not in fact an insured under O'MA's policy. The judge denied reconsideration. Landmark now appeals.

## II. Discussion

We review a judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "Thus, we view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion 'only if it appears beyond doubt that [Landmark] cannot prove any facts that would support [its] claim for relief.'" *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). Neither party has raised the issue of which state's substantive law governs this diversity action, so we apply the law of Illinois, the forum state. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010).

The oft-repeated refrain of Illinois insurance law is that an insurer's duty to defend is "much broader" than its duty to indemnify. *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1993). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage provisions, then the insurer has a duty to defend the insured in the underlying action." *Id.*; *see also Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810–11 (7th Cir. 2010). As a practical matter, this means that

an insurance company taking the position that it has no duty to defend usually cannot "simply refuse to defend the insured." *Emp'rs Ins. of Wausau v. Ehlco Liquidating Tr.*, 708 N.E.2d 1122, 1134 (Ill. 1999). As long as the underlying complaint even "potentially alleg[es] coverage," the insurer must either defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. *Id.*; *see also Edward T. Joyce & Assocs., P.C. v. Prof'ls Direct Ins. Co.*, 816 F.3d 928, 932 (7th Cir. 2016). "If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage." *Ehlco Liquidating Tr.*, 708 N.E.2d at 1135.

Hilger thinks that the broad scope of an insurer's duty to defend means that in all duty-to-defend disputes, the court is limited to a review of the allegations in the underlying complaint. That's true when an insurer tries to deny coverage *without* seeking a declaratory judgment *or* defending under a reservation of rights. In that situation the relevant question is whether the insurer justifiably refused to defend the action based solely on the allegations in the complaint, so the court's inquiry is necessarily limited to those allegations. S*ee MFA Mut. Ins. Co. v. Crowther, Inc.*, 458 N.E.2d 71, 73 (Ill. App. Ct. 1983) ("An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the complaint that the allegations fail to state facts which bring the claim within, or potentially within, the policy's coverage.").

But Landmark *did* seek a declaratory judgment, so that limitation doesn't apply here. "[W]hen an insurer has elected to either defend under a reservation of rights or file a declar-

atory judgment action, … the insurer may present evidence beyond the underlying complaint, so long as it does not tend to determine an ultimate issue in the underlying proceeding." *Fid. & Cas. Co. of N.Y. v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 474–75 (Ill. App. Ct. 1983) (citation omitted), *cited with approval in Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1020 (Ill. 2010). An "ultimate issue" is one that would collaterally estop the plaintiff in the underlying lawsuit from raising a theory of recovery or be crucial to the insured's liability. *Id.* at 475.

The extra latitude afforded to insurers in this situation makes sense given the Illinois Supreme Court's long-standing directive in duty-to-defend disputes between an insurer and its insured:

> When the underlying complaint against the insured allege[s] facts within or potentially within the scope of policy coverage, the insurer taking the position that the complaint is not covered by its policy must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage.

*Midwest Sporting Goods Co.*, 828 N.E.2d at 1098. If the inquiry in the ensuing declaratory-judgment action were limited to the four corners of the underlying complaint and asked only whether the complaint's allegations fall potentially within the policy's coverage, the proceedings would be "little more than a useless exercise possessing no attendant benefit." *Envirodyne Eng'rs*, 461 N.E.2d at 474.

In granting Hilger's motion for judgment on the pleadings, the judge assumed that *all* duty-to-defend issues "are

analyzed by comparing the four corners of the underlying complaint to the insurance policy." As we've explained, that proposition is inapposite in the context of a declaratory-judgment action. Because Landmark seeks a declaration of its duty to defend Hilger, it may offer evidence outside the Michigan and Tennessee complaints that Hilger did not render the professional services in question as an O'MA independent contractor *provided* that doing so will not decide an "ultimate issue" in the underlying actions. There's no indication that it would. The claims against Hilger in the Michigan and Tennessee suits consist primarily of misrepresentation and breach-of-contract claims, none of which "hinge[] upon" Hilger's status as an independent contractor.[2] *Id.* at 476.

We note that the judge also relied heavily on our decision in *Old Republic Insurance Co. v. Chuhak & Tecson, P.C.*, for the proposition that a court may only look beyond the underlying complaint in a declaratory-judgment action if the insurer provides a "strong reason to believe" that it has no duty to defend. But *Old Republic* predates *Pekin Insurance Co. v. Wilson*, 930 N.E.2d 1011 (Ill. 2010), in which the Illinois Supreme Court clarified the law on this point. *See Gen. Ins.*

---

[2] Hilger argues that the question whether he participated in a joint venture with O'MA constitutes an "ultimate issue" in the Michigan and Tennessee suits. *See Clarendon Am. Ins. Co. v. B.G.K. Sec. Servs., Inc.*, 900 N.E.2d 385, 393 (Ill. App. Ct. 2008) (holding that the putative insured's participation in a joint venture was an ultimate issue because the existence of a joint venture would give rise to joint and several liability for the conduct of codefendants under Illinois law). But Landmark hasn't asked the court to decide whether Hilger participated in a joint venture, only whether he rendered the services in question in the Michigan and Tennessee suits as an independent contractor for O'MA.

*Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 378 (7th Cir. 2011). To reiterate, an insurer seeking a declaratory judgment on its duty to defend is entitled to introduce evidence outside the underlying complaint so long as it does not implicate an "ultimate issue" in the underlying action. To the extent that *Old Republic* suggests that additional limitations apply, it is inconsistent with Illinois insurance law. *Cf. Envirodyne Eng'rs*, 461 N.E.2d at 474 ("The only time such evidence should not be permitted is when it tends to undermine an issue crucial to the determination of the underlying lawsuit … .").

Illinois law permits Landmark to offer evidence outside the Michigan and Tennessee complaints that Hilger isn't covered as an independent contractor under O'MA's policy. We therefore REVERSE the judgment in favor of Hilger and REMAND for further proceedings.