2023 IL App (1st) 220804
Nos. 1-22-0804 & 1-22-0877 (cons.)
Opinion filed October 20, 2023

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TRUCK INSURANCE EXCHANGE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIAN ULMAN; MARY SWIETLIK; JANE | ) | |
| BORUCKI; LARRY KRON; BARBARA | ) | |
| PRYJDA; BRONISLAW PRYJDA; NATALIA | ) | |
| WIETECHA; MARINA UROSEVIC | ) | |
| DIKANOVIC; DAMJAN DIKANOVIC; | ) | |
| MILAN KANTAR; NATASA KANTAR; | ) | |
| BERISA ADILOVIC; ANDRZEJ BIERNAT; | ) | Appeal from the Circuit Court |
| ESMA KENDIC, f/k/a Esma Ajkic; SEZAIR | ) | of Cook County. |
| MURATI; FATMIRA MURATI; JAMES | ) | |
| MATOUSEK, Individually and as Executor of | ) | |
| the Estate of Barbara Matousek; THE | ) | No. 2020 CH 05226 |
| LANDINGS CONDOMINIUM ASSOCIATION; | ) | |
| BUILDING J INC.; REALTY ADVISORS, | ) | |
| LTD., d/b/a Property Corporation of America; | ) | The Honorable |
| HOWARD B.SILVER; and SHANDRIKA | ) | David B. Atkins |
| THOMAS, | ) | Judge, presiding. |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Barbara Pryjda; Bronislaw Pryjda; Natalia | ) | |
| Wietecha; Marina Urosevic | ) | |
| Dikanovic; Damjan Dikanovic; Milan Kantar; | ) | |
| Natasa Kantar; Berisa Adilovic; Andrzej Biernat; | ) | |
| Esma Kendic, f/k/a Esma Ajkic; Sezair Murati; | ) | |
| Fatmira Murati; Realty Advisors, Ltd., d/b/a | ) | |
| Property Corporation of America; Howard B. | ) | |
| Silver; Shandrika Thomas, Defendants- | ) | |
| Appellants). | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Johnson and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1        A fire destroyed the Landings, a condominium building in Des Plaines. The building was insured, but the cost of repairs exceeded the insurance limit by nearly $2 million. After depleting the insurance proceeds, the reconstruction contractor stopped working, leaving the building uninhabitable. Condominium unit owners sued The Landings Condominium Association, its directors, and the building's managing agent, alleging they violated the Condominium Property Act (765 ILCS 605/1 *et seq.* (West 2020)) and breached their fiduciary duties by (i) failing to purchase enough insurance to cover replacement costs and (ii) mismanaging the reconstruction process.

¶ 2        Truck Insurance Exchange filed a complaint, which it later amended, seeking a declaration that it had no duty to defend the insured defendants in the underlying lawsuit. The parties filed cross-motions for judgment on the pleadings. The trial court granted Truck's motion under Exclusion 8(c) of the policy, which bars coverage for an insured's failure to "establish or maintain adequate reserves." The court considered insurance the "functional[ ] equivalent" to "cash reserves" and determined that the allegations in the underlying complaint fell within Exclusion 8(c). The court also found (i) Truck had no duty to defend under the liability coverage provision because the underlying complaint did not allege the insured defendants caused the fire or the resulting injuries and damage and (ii) questions of fact remained regarding whether coverage was barred under Exclusion 12, prohibiting claims brought on behalf of an insured organization.

¶ 3    The insured defendants and the unit owners filed separate appeals, which we consolidated, arguing the trial court erred in finding (i) they were not covered under the condominium liability provision, (ii) Exclusion 8(c) applied to bar coverage, and (iii) Exclusion 12 did not preclude coverage. We agree with the trial court as to the condominium liability coverage and Exclusion 12. But the trial court erred in holding that Exclusion 8(c) barred coverage. So, we reverse and remand for further proceedings.

¶ 4                                Background

¶ 5    The Landings is a 35-unit condominium building in Des Plaines. The Landings Condominium Association (Association) hired Realty Advisors, Ltd.; its president, Howard Silver; and its principal, Shandrika Thomas, to manage the building. (Realty Advisors resigned as manager in February 2020). In 2018, the insured defendants switched insurers from Allstate Insurance Company to Truck (a member of Farmers Group of Companies) (Truck) and reduced the amount of coverage by nearly $1.6 million. The policy limit for the building's replacement cost under the Truck policy was $5,858,300, with a total coverage of $6,482,542.

¶ 6    The policy included condominium liability coverage, requiring Truck to pay if the insured became legally obligated for damages "because of 'bodily injury,' 'property damage,' or 'personal and advertising injury' to which this insurance applies" and to "defend the insured against any 'suit' seeking those damages."

¶ 7    The policy also included Director and Officers Liability Coverage (D & O coverage) that provided:

> "We will pay the 'loss' which you become legally obligated to pay as a result of a 'claim' against any insured for any 'wrongful acts' committed by any insured person. The 'wrongful acts' must be committed in the conduct of management responsibilities

for the organization. We will have the right and duty to defend you against any such 'claim,' even if any of the allegations are groundless, false or fraudulent. However, we will have no duty to defend you against any 'claim' for 'wrongful acts' to which this insurance does not apply."

¶ 8    The D & O coverage contained three relevant Exclusions. Under Exclusion 1, the policy did not apply to claims "[f]or any 'bodily injury', 'property damage", or 'personal and advertising injury.' " Exclusion 8(c) excluded from coverage claims "[r]elating to or arising from any [f]ailure of the Named Insured or any 'insured person' to establish or maintain adequate reserves or levy special assessments for the repair, replacement, improvement or maintenance of any common area elements or property owned by the Named Insured or by any subsidiary of the Named Insured, or owned collectively by the members, or either of them." Finally, Exclusion 12, referred to as the "insured vs. insured" exclusion, applied to claims "[b]rought by or maintained by or on behalf of an insured organization unless the 'claim' is brought and maintained totally independent of, and totally without the solicitation, assistance, participation or intervention of any officer, director, or trustee of an insured organization."

¶ 9    The policy also included an umbrella provision of additional D & O liability coverage once the underlying policy D & O's coverage was exhausted.

¶ 10    In September 2018, a fire destroyed the condominium building. The Association obtained an estimate for more than $8.3 million to rebuild. After the insurance proceeds had been exhausted, the contractor abandoned the project, leaving the building uninhabitable.

¶ 11    In May 2020, unit owner Larry Kron filed a class action complaint on behalf of himself and other unit owners against the Association directors, alleging, in part, that they breached their fiduciary duties and violated the Condominium Property Act (Condominium Act) by

knowingly failing to procure enough insurance to "fully fund a rebuild of the Property." Truck filed a complaint for declaratory judgment, seeking a declaration it owed no duty to defend or indemnify the directors. The trial court eventually granted Truck's motion for default judgment and dismissed the Kron complaint.

¶ 12    In October 2020, Landings unit owners filed a 13-count complaint against the Association, three Association directors, Realty Advisors, Silver, and Thomas. The unit owners alleged that defendants failed to obtain adequate and appropriate kinds of insurance in violation of sections 12 and 18(f) of the Condominium Act (*id.* §§ 12, 18(f)) and section 6(b) of the Declaration of Condominium Ownership (Declaration). The unit owners also alleged defendants violated their fiduciary duties, engaged in fraudulent misrepresentation, and mismanaged the reconstruction process. Furthermore, the complaint alleged defendants violated the Condominium Act and the Declaration by accepting a bid from the contractor that exceeded the policy limit without the unit owners' approval and failing to keep detailed and accurate records for the project.

¶ 13                                Declaratory Judgment Complaint

¶ 14    Truck filed a four-court complaint, later amended, seeking a declaration that it had no duty to defend the insured defendants under the D & O Coverage in the policy (count I), under the liability coverage of the policy (count II), or under the umbrella policy (count III). Truck also sought a declaration that it owed no duty to indemnify the insured defendants (count IV). (Truck named the unit owners as defendants to bind them to the outcome of its declaratory judgment suit but did not seek separate relief or judgment against them.)

¶ 15    The unit owners and Truck filed motions for judgment on the pleadings, and the insured defendants filed a partial motion for judgment on the pleadings as to count I. The unit owners

argued (i) the underlying complaint alleges that the insured defendants are liable for physical injury to real and personal property under the policy's liability coverage provision and (ii) the D & O coverage extended to the allegations in the underlying complaint, and none of the exclusions prevented coverage. Specifically, the unit owners argued (i) Exclusion 1 was inapplicable due to their having alleged property damage, (ii) Exclusion 8(c) was inapplicable as underlying complaint did not allege the insured defendants failed to establish adequate reserves or levy assessments, and (iii) Exclusion 12 was inapplicable because the unit owners are not an "insured organization" under the policy and the underlying lawsuit was brought "totally independent of" the insured defendants. Also, the unit owners argued the allegations in the underlying complaint fell within the umbrella coverage, so it was premature to decide if Truck had a duty to indemnify the insured defendants.

¶ 16    Truck acknowledged that the insured defendants qualified as insureds under the D & O coverage provision. Still, Truck contended Exclusion 8(c) barred coverage based on the allegations in the underlying complaint arising from the insured defendants' "failure to establish or maintain adequate reserves or levy special assessments for the repair, replacement, improvement or maintenance of the property." Truck also asserted Exclusion 12 barred coverage as the unit owners collaborated with the insured defendants in filing the underlying complaint. Specifically, Truck argued that the Association's directors authorized unit owner Larry Kron to file an earlier class action complaint against them, and given his allegations mirror the allegations in the underlying complaint, the directors must have collaborated with the unit owners. (Kron is not a party to the underlying complaint.) Finally, Truck argued the underlying complaint did not allege "personal injury" or "property damage" caused by an

"occurrence," or "personal and advertising injury," as defined in the policy. Hence, Truck had no duty to defend under the condominium liability coverage provision.

¶ 17 In a memorandum opinion and order, the trial court granted Truck's motion for a judgment on the pleadings and denied the unit owners' and insured defendants' motions. The court found that the condominium liability coverage "applies to 'bodily injury' or 'property damage' caused by an 'occurrence' " and that comparing the coverage with the allegations of the underlying complaint, "it is apparent it does not apply." The court found that although the underlying complaint certainly alleges "an occurrence (the 2018 fire) *** the underlying Plaintiffs do not allege that the [insured defendants] had any role in causing or exacerbating the fire, but instead that they failed to maintain adequate insurance that otherwise could have been available to repair the damage. Those alleged breaches of contract and fiduciary duty, even if valid and proven true, are not the sort of bodily injury or property damage contemplated by the Condominium Liability portion of the Policies, and Defendants' arguments that they constitute an occurrence by indirectly harming the value of the Property are unpersuasive."

¶ 18 As for the D & O coverage, the court held Exclusion 1 inapplicable for the same reasons the condominium liability coverage did not apply—the underlying complaint failed to allege "personal injury" or "property damage," as described in the policy.

¶ 19 Regarding Exclusion 12, the "insured vs. insured" exclusion, the trial court concluded that the resolution depended on disputed questions of facts. Truck alleged the underlying claim served as an extension of the Kron case, which Truck claims was collusive; defendants countered that the underlying claim was wholly separate and no insured defendant had a role in its filing.

¶ 20       Lastly, concerning the failure of the defendants in the underlying case to maintain insurance coverage sufficient to cover a complete repair in the event of a catastrophic loss, the court held that Exclusion 8(c) applied. The trial court reasoned that maintaining enough insurance to cover a loss and maintaining enough cash reserves were "functionally equivalent" and the underlying complaint alleged a failure "to establish or maintain adequate reserves or levy special assessments for the repair' of the Property."

¶ 21       The insured defendants and unit owners filed separate appeals, which we consolidated.

¶ 22                                    Analysis

We first address Truck's request to strike the statement of facts section of the unit owners' brief for containing inappropriate argument and inaccurately citing to the record in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). Briefs that violate the Supreme Court rules may be stricken, in whole or in part, or offending portions disregarded. See *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 9. But we will do so only where the violations hinder or preclude our review. See *Hurlbert v. Brewer*, 386 Ill. App. 3d 1096, 1101 (2008). The unit owners accuse Truck's statement of facts of similar defects. We will disregard argumentative portions or facts not borne out by the record.

¶ 23                               Standard of Review

¶ 24       Like a motion for summary judgment, a motion for judgment on the pleadings is confined to the pleadings. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010) (citing *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 138 (1999)). Judgment on the pleadings should be granted when the pleadings disclose no genuine issue of material fact and the movant deserves judgment as a matter of law. *Id.* Our review is *de novo. Gillen v. State Farm Mutual Automobile Insurance Co.*, 349 Ill. App. 3d 779, 781-82 (2004).

¶ 25    In construing an insurance policy, courts seek to ascertain and give effect to the parties' intent. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292 (2001). This entails construing the policy as a whole, considering the type of insurance purchased, the nature of the risks involved, and the contract's overall purpose. *Id.* We give clear and unambiguous language its plain, ordinary, and popular meaning. *Id.* at 292-93.

¶ 26    Conversely, words susceptible to multiple meanings are ambiguous and will be strictly construed against the insurer in favor of the insured. *Id.* at 293. The construction of an insurance policy presents a question of law, which we review *de novo*. *Id.* at 292.

¶ 27                    Duty to Defend

¶ 28    We liberally construe the underlying complaint and policy in the insured's favor. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 74 (1991). To determine an insurer's duty to defend an insured in an underlying suit, we compare the allegations in the underlying suit with the relevant policy language. *Pekin Insurance Co.*, 237 Ill. 2d at 455. When the facts in the underlying complaint fall within, or potentially within, the policy's coverage, that triggers the insurer's duty to defend. *Id.* The threshold to trigger the duty is low. *State Farm Fire & Casualty Co. v. Tillerson*, 334 Ill. App. 3d 404, 408 (2002). As here, if the underlying complaint alleges several theories of recovery against the insured, the duty to defend arises even if one theory potentially comes within the policy's coverage. *Id.* at 407-08.

¶ 29    The unit owners and insured defendants contend the trial court erred in finding (i) Truck had no duty to defend under the condominium liability coverage provisions, (ii) Exclusion 8(c) of the D & O policy barred coverage, and (iii) Exclusion 12 of the D & O policy does not preclude coverage.

¶ 30                    Condominium Liability Coverage

¶ 31     The condominium liability coverage provision provides that Truck "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies."

¶ 32     The trial court held this provision inapplicable. We agree. As the trial court explained, the nature of the underlying complaint was not that the insured defendants played a role in causing or exacerbating the fire. Rather, the insured defendants breached fiduciary duties by failing to maintain adequate insurance to cover replacement, "not the sort of bodily injury or property damage contemplated by the Condominium Liability portion of the Policies." Consequently, the facts in the underlying complaint do not fall within, or potentially within, the liability coverage provision to trigger Truck's duty to defend.

¶ 33                                    D & O Coverage

¶ 34     As noted, Truck does not contest that the non-unit owner defendants are insureds under the D & O Coverage. But Truck contends Exclusions 1, 8(c), and 12 bar coverage. As noted, the trial court agreed with Truck on Exclusions 1 and 8(c) and, as to Exclusion 12, questions of fact existed as to whether it applied. The appellants do not contest the finding regarding Exclusion 1, so we focus on Exclusions 8(c) and 12.

¶ 35                                    Exclusion 8(c)

¶ 36     The appellants contend the trial court erred in finding Exclusion 8(c) barred coverage. Exclusion 8(c) excluded coverage for underlying claims that relate to or arise from the insureds' failure "to establish or maintain adequate reserves or levy special assessments" in connection with common area elements or collectively owned property.

¶ 37     To repeat, provisions in an insurance policy, including exclusions, must be construed liberally for the insured. *United States Fidelity & Guaranty Co.*, 144 Ill. 2d at 74. Where

denying coverage hinges on an exclusion, its applicability must be free and clear from doubt. *Country Mutual Insurance Co. v. Bible Pork, Inc.*, 2015 IL App (5th) 140211, ¶ 38.

¶ 38    The trial court noted the unit owners alleged in the underlying complaint that the insured defendants breached their fiduciary duties and violated the Condominium Act by failing to "maintain insurance coverage sufficient to cover a full repair of the Property in the event of a catastrophic loss such as the 2018 fire." Despite no allegations regarding a failure to maintain cash reserves or levy special assessments, the trial court found Exclusion 8(c) applies for the reason that insurance coverage is "functionally equivalent" to cash reserves. We disagree.

¶ 39    The policy does not define "reserves." Generally, courts give undefined policy their plain, ordinary, and popular meaning concerning the average, ordinary, normal, and reasonable person. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 115 (1992). Courts avoid interpretations that "rest[ ] on 'gossamer distinctions' that the average person, for whom the policy is written, cannot be expected to understand." *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010) (quoting *Canadian Radium & Uranium Corp. v. Indemnity Insurance Co. of North America*, 411 Ill. 325, 334 (1952)). Further, ambiguous insurance policy language will be construed against the insurer. *Travelers Insurance Co.*, 197 Ill. 2d at 293.

¶ 40    Merriam-Webster's Online Dictionary defines "reserve" as "something held back for future or special use." Similarly, Black's Law Dictionary describes "reserve" as "[s]omething retained or stored for future use; esp., a fund of money set aside by a bank or an insurance company to cover future liabilities." Black's Law Dictionary (11th ed. 2019). Neither dictionary definition refers to insurance.

¶ 41    Significantly, the Condominium Act, which the underlying plaintiffs alleged the insured defendants violated, defines "reserves" as "those sums paid by unit owners which are separately maintained by the board of managers for purposes specified by the board of managers or the condominium instruments." 765 ILCS 605/2(n) (West 2020). Again, there is no reference to insurance or insurance coverage.

¶ 42    The trial court, in considering "insurance" and "cash reserves" as "functionally equivalent," inserts language into the policy that Truck did not include. Moreover, Truck acknowledges that no case in any jurisdiction has held that insurance and cash reserves are "functionally equivalent." Even assuming some allegations in the underlying complaint could be construed as falling under the "adequate reserves" and "special assessment" provision of Exclusion 8(c), the unrelated allegations of insured defendants' mismanagement of the reconstruction project create a potential for coverage and imposing a duty to defend.

¶ 43    Truck argues that all allegations in the underlying complaint "solely relate to or arise from" the insured defendants' failure to procure a sufficient amount of insurance. Not so. In addition to allegations regarding insufficient insurance, the underlying complaint also alleges the insured defendants failed to obtain competitive bids for the reconstruction project, properly manage the project, and keep detailed and accurate records in violation of the Condominium Act and the Declaration. Those allegations could result in liability, even if the insured defendants had obtained sufficient insurance but failed to manage the reconstruction project properly. That potential for coverage triggers the duty to defend.

¶ 44                                    Exclusion 12

¶ 45    We agree with the trial court—a question of fact remains: Does the underlying lawsuit fall "clearly within" Exclusion 12, making judgment on the pleadings inappropriate?

¶ 46     Truck primarily contends the allegations in the unit owners' underlying complaint closely resemble the allegations in Kron's class action complaint, which, as alleged by Truck, the insured defendants approved of and assisted in bringing. Moreover, Truck asserts we can look beyond the underlying complaint in assessing whether Exclusion 12 applies to bar coverage, citing *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 304 (1983) and *Pekin Insurance Co.*, 237 Ill. 2d at 456 (insurer could offer evidence proving insured's actions fell within limitations of policy exclusions so long as evidence did not tend to determine issue crucial to determination of underlying lawsuit).

¶ 47     Specifically, Truck asserts its amended complaint for declaratory judgment provides a "roadmap" of commonalities between the Kron complaint and the underlying complaint and proof of collusion between them. But nothing in the record suggests the trial court found that the Association colluded with Kron or Exclusion 12 applies to bar coverage in that case. Other than the allegations in its amended complaint, Truck presented no evidence showing the unit owners colluded with the insured defendants in bringing this case. Thus, whether the unit owners and the Association worked in collaboration raises a question of fact precluding judgment on the pleadings.

¶ 48     Reversed and remanded.

*Truck Insurance Exchange v. Ulman*, **2023 IL App (1st) 220804**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-5526; the Hon. David B. Atkins, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Paula E. Litt and Emily E. Garrison, of Honigman LLP, of Chicago, for appellants Realty Advisors, Ltd., Howard Silver, and Shandrika Thomas. |
| | Julie C. Lerman and Charles R. Franklin, of Franklin Greenswag Channon & Capilla, LLC, of Northfield, for other appellants. |

| | |
|---|---|
| **Attorneys for Appellee:** | Danny L. Worker, Dawn L. Johnson, and Lindsay J. Bowman, of Lewis Brisbois Bisgaard & Smith LLP, of Chicago, for appellees. |